UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-21113-CIV-TORRES

CONSENT CASE

SLIP-N-SLIDE RECORDS, INC.,

    Plaintiff,

vs.

TVT RECORDS, LLC,

    Defendant.
_____/

TEEVEE TOONS, INC.,

    Counterclaimant,

vs.

SLIP-N-SLIDE RECORDS, INC., *et al.*,

    Counter-Defendants.
_____/

**ORDER ON PLAINTIFF'S RENEWED MOTION
FOR LEAVE TO AMEND COMPLAINT**

THIS cause came before the Court on (1) Plaintiff Slip-N-Slide Records, Inc.'s ("SNS") Renewal of Motion for Leave to Amend Complaint, and in the Alternative, Plaintiff's Motion for Reconsideration of Order Denying Leave to Amend Complaint [**D.E. 207**]; Defendant TVT Records LLC's ("TVT") Opposition thereto [D.E. 210]; Plaintiff's Reply thereto [D.E. 235]; (2) Defendant's Motion to Strike Certain

Evidence Cited in Plaintiff's Reply Memorandum in Support of its Motion for Leave to Amend the Complaint [**D.E. 242**]; and Plaintiff's Response thereto [D.E. 263]. Having considered the motion, related filings, and the record in this case, the Court finds that there has been sufficient cause shown under Federal Rule of Civil Procedure 15(a) for SNS to file an amended complaint, and its motion to do so will be granted for the reasons set forth below. Additionally, TVT's related motion to strike will be denied.

## I.  BACKGROUND

SNS seeks to amend its complaint to add a claim for punitive damages; to clarify the tortious interference claim as constituting interference both with an existing contract and with advantageous business relationships; to clarify the identity of the defendant by replacing TVT Records, LLC, with TeeVee Toons, Inc. (Counterclaimant in this case); and to add a demand for a jury trial.

A previous, and similar, motion to amend was denied without prejudice by the original presiding judge on May 25, 2006. [D.E. 168]  Although Judge Jordan acknowledged that SNS's motion had been filed within the deadline for amending pleadings, he determined that SNS had offered "no good reason as to why it did not move earlier to add [Steve] Gottlieb, and the new claims to the case."[1]  *Id.* Moreover, Judge Jordan noted that Plaintiff had opposed TeeVee Toons's request

---

[1]  At the time, the parties had not yet consented to plenary magistrate judge jurisdiction.  Plaintiff has since abandoned its request to add Mr. Gottlieb. *See* D.E. 207 at 2 n.1 and 4.

2

to enlarge the discovery period even though adding a new defendant and new claims would undoubtedly require additional discovery. *Id.* "If, however, [SNS] is willing to agree to an extension of discovery, it may renew its motion." *Id.*

Since Judge Jordan entered that Order, the posture of the case has materially changed; the discovery deadline has been extended, the parties have consented to full magistrate judge jurisdiction, the trial has been moved to December 2006 (and may have to be continued), SNS has abandoned its request to add Mr. Gottlieb as a defendant, and SNS has renewed its motion to amend, among other things.

## II.  LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires."

> [T]his mandate is to be heeded.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. -- the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted).  It is within the discretion of the court to determine whether to allow an amended complaint.  *Id.*; *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "Although the decision whether to grant leave is within the discretion of the

district court, the rule contemplates that leave shall be granted unless there is a substantial reason to deny it." *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) (citing *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (the policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the trial court's discretion)).

### III. ANALYSIS

None of TVT's objections to SNS's proposed amendments is sufficient to overcome the liberal standard for amending complaints set forth in Rule 15(a). SNS's original motion to amend was denied – without prejudice – because of the timing of the motion in relation to the deadlines in the case, and because SNS had just objected to an extension of the discovery deadline requested by opposing counsel, where additional discovery almost certainly would have been necessitated by the requested amendments. Notably, however, the motion was *not* denied because Judge Jordan found present in this case any of the grounds cited in *Foman* that would otherwise support the denial of a request to amend.

None of those grounds are present now, either. In particular, there is no evidence in this record of undue delay, bad faith or dilatory motive on SNS's part or of undue prejudice to TVT or TeeVee Toons by virtue of allowing the amendment. In view of the liberal policy of Rule 15(a), this Court must exercise its discretion to allow the amendments requested by SNS.

The subject of amending the complaint was discussed at the status conference on August 1, 2006. TVT asserts that the Court authorized SNS to request the addition of a punitive damages claim, and nothing else. This assertion is not entirely correct. Two specific potential amendments were discussed at the hearing (punitive damages and adding Mr. Gottlieb as a new defendant), but the Court in no way limited what amendments SNS could seek through its motion to amend. And, as SNS represented at the hearing, it has dropped its request to add Mr. Gottlieb as a new defendant.

### A. *Punitive Damages*

SNS's complaint was originally filed in state court. Florida Statute § 768.72 prohibited SNS from asserting a punitive damages claim until "there [was] a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." If SNS had been able to meet that standard, it would have been required, pursuant to § 768.72, to obtain leave from the state court before including a prayer for punitive damages in its complaint. Thus, given the proscription in Florida law, SNS was barred from asserting a punitive damages claim in its original complaint.

TVT's primary argument against allowing SNS to add a punitive damages claim now that it has been removed to federal court is that SNS has failed to show under § 768.72(1) that there is a reasonable basis for recovery of punitive damages. This statute has no applicability here. In *Cohen v. Office Depot, Inc.*,

184 F.3d 1292, 1296-99 (11th Cir. 1999), *vacated in part on other grounds*, 204 F.3d 1069 (11th Cir. 2000), the Eleventh Circuit concluded that the pleading requirements of § 768.72 conflicted with those of Federal Rule of Civil Procedure 8(a)(3) and were not applicable in matters of practice and pleading in federal court. *See also Porter v. Ogen, Newll & Welch*, 241 F.2d 1334, 1340 (11th Cir. 2001) ("This court [in *Cohen*] held that the pleading rules set forth in Fed. R. Civ. P. 8(a)(3) preempt § 768.72's requirement that a plaintiff must obtain leave from the court before including a prayer for punitive damages.").

Moreover, even if § 768.72 did apply, SNS has satisfied the requirements of the statute. In ruling on SNS's motion for a preliminary injunction, Judge Jordan stated in connection with SNS's tortious interference with a business relationship claim that:

> SNS has sufficiently shown that it will be able to prove malice on the part of TVT. Ms. Sussman admitted at her deposition that she acted with the intent of causing ADA and its customers to not buy or cease buying the 305 Album, and based on this concession and the other evidence it is my conclusion that a jury will likely find that TVT (through Ms. Sussman) acted with malice.

[D.E. 98 at 2 (internal citation omitted)]. Judge Jordan also noted

> that TVT did not have trademark rights in Pitbull's mark . . . and so Ms. Sussman's letters contained at least some misrepresentations . . . . In any event, after reviewing all of the evidence, my preliminary finding is that TVT did not send its cease and desist letters based on a good-faith belief that its logo was being misused.

*Id.* SNS has made the requisite showing that there is a reasonable basis for recovery of punitive damages under § 768.72. *See, e.g., Endacott v. International*

6

*Hospitality, Inc.*, 910 So. 2d 915, 924 (Fla. 3d DCA 2005) (a plaintiff seeking punitive damages must show "gross misconduct or willful and wanton disregard" of his rights); *W.R. Grace & Co.-Conn v. Waters*, 638 So. 2d 502, 503 (Fla. 1994) (punitive damages appropriate when the defendant engages in conduct that is "fraudulent, malicious, deliberately violent or oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of others").[2]

Finally, given the liberal standard of Rule 15, a denial of SNS's request to amend at this juncture might not be sustained on appeal. It would be an inefficient use of judicial (and other) resources to unnecessarily create a potential error in the record, when the issue can be resolved with little prejudice to the opposing side by allowing the amendment. TVT obviously has in its quiver either summary judgment or Rule 50 arguments that it can raise at the appropriate time in response to the punitive damages claim, if necessary. For all the foregoing reasons, the Court grants SNS's request to add a punitive damages claim here.[3]

---

[2] Additionally, SNS points to subsequent facts in discovery that further support its position on the proposed amendment. Because sufficient cause for the amendment has already been shown, we will not address those additional arguments now.

[3] TVT also argues it cannot be subject to punitive damages because it did not send the cease and desist letters at issue in this case. Rather, TeeVee Toons sent the letters. This point seems to now be moot by the amendment's clarification that TeeVee Toons, Inc. is the proper party defendant in the case.

### B.     *Tortious Interference Claim*

SNS also seeks to separate its claim for "Tortious Interference with Advantageous Business Relationships" set forth in the original complaint (Count I) into two claims: one for "Tortious Interference with Advantageous Business Relationship" (Count I) and one for "Tortious Interference with Contractual Relationship" (Count II). SNS claims that this "clarification" is in response to issues arose out of the evidence presented at the hearing on the preliminary injunction motion. SNS states that a part of the business relationships enjoyed by SNS was a distribution agreement with ADA, and the amended complaint merely fleshes out the factual allegations and clarifies that there are two tortious interference claims here.

Other than the timeliness argument that SNS should not be permitted to amend its complaint at all at this stage, TVT has proffered no good argument why such an amendment can be rejected under *Foman*. Because this amendment adds nothing to the parties' discovery burdens, and does not hinder TVT's ability to prepare for trial at this stage, there simply is no prejudice to TVT from allowing this amendment.

### C.     *Correct Defendant*

SNS then asks that it be permitted to clarify that the proper defendant in this case is TeeVee Toons, Inc. The original complaint, which was filed in state court, named "TVT Records, LLC" as the defendant. However, the only party

defendant to appear and participate in this case is "TeeVee Toons, Inc." It was "TeeVee Toons, Inc. d/b/a TVT Records ("TVT"), erroneously sued as 'TVT Records, LLC'" that removed the case to federal court and answered the complaint. There is no dispute by either side that TeeVee Toons, Inc. is properly named as the Defendant in this action. We will, therefore, grant SNS's motion to amend the complaint to make this clarification.

### D. *Jury Demand*

SNS does not dispute that its request to add a demand for a jury trial is untimely. *See* Fed. R. Civ. P. 38(b) (requires that a jury demand of any issue be served within ten (10) days after service of the last pleading directed to that issue). However, this case is already set for jury trial: TVT requested a jury trial in its Answer filed on April 29, 2005 [D.E. 6 at 5], and TeeVee Toons requested one in its Counterclaim also filed on April 29, 2005 [D.E. 7 at 12]. So, as a practical matter, it makes little difference to TVT whether SNS is permitted to add a jury demand at this point. TVT certainly will not suffer any prejudice from such an amendment. Accordingly, the Court will exercise its discretion and grant SNS's request in this regard.

\* \* \*

### IV.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that

1. Plaintiff Slip-N-Slide Records, Inc.'s Renewal of Motion for Leave to Amend Complaint, and in the Alternative, Plaintiff's Motion for Reconsideration of Order Denying Leave to Amend Complaint [**D.E. 207**] is **GRANTED**.  The Amended Complaint which is appended to Plaintiff's Motion is deemed as having been filed as of today's date, October 24, 2006.

2. Defendant's Motion to Strike Certain Evidence Cited in Plaintiff's Reply Memorandum in Support of its Motion for Leave to Amend the Complaint [**D.E. 242**] is **DENIED**.

3. As set forth in this Court's October 6, 2006, Order Granting Defendant's Agreed Motion to Stay Plaintiff's Renewed Motion to Compel Production of TeeVee Toons' Financial Records [D.E. 254], Defendant shall file its response to the motion to compel [D.E. 251] within fifteen (15) calendar days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of October, 2006.

_____
EDWIN G. TORRES
United States Magistrate Judge