**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 05-21113-CIV-TORRES

CONSENT CASE

SLIP N' SLIDE RECORDS, INC.

        Plaintiff,

v.

TVT RECORDS, LLC,

        Defendant.
_____/

TEEVEE TOONS, INC.,

        Counterclaimant,

v.

SLIP N' SLIDE RECORDS, INC.,
RUDEBWOY ENTERTAINMENT,
INC., 305 MUSIC, INC., AND DOES 1-20,
Inclusive,

        Counterdefendants.
_____/

**ORDER ON DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT**
**AND STAY MOTION FOR ATTORNEYS' FEES,**
**PENDING DISPOSITION OF DEFENDANT'S POST-TRIAL MOTIONS**

        This matter is before the Court upon Defendant's, Teevee Toons, Inc. ("TVT"),

Motion [D.E. 455], pursuant to Fed. R. Civ. P. 62, to stay (1) the execution of or any

proceedings to enforce the judgment entered in this action and (2) Plaintiff's motion for

attorneys' fees filed on April 2, 2007 [D.E. 451], pending the Court's disposition of TVT's

Rule 50 and 59 post-trial motions that have now been timely filed.  The Court has

reviewed the Motion and record in this case.  Based upon the issues raised in the Motion, the Court will stay execution or enforcement of the Court's Judgment but for now only pending final disposition of the pending Motion.  TVT's related Motion for Oral Argument [D.E. 456] that seeks an emergency hearing on the Motion to stay will be Denied without prejudice.

1.     TVT requests a stay on the execution of the Judgment until the Court rules on the Rule 50 and Rule 59 motions TVT filed on April 2, 2007.  TVT argues that it believes it has very strong grounds to vacate or modify the Court's Judgment; that allowing enforcement of the Judgment, when the automatic stay provided in Fed. R. Civ. P. 62 and S.D. Fla. Local R. 62.1 expires, pending disposition of the post-trial motions would result in unnecessary prejudice to TVT based upon its current financial status; and that TVT does not presently believe it can obtain the security required under the Court's Rules.  TVT concludes that a stay of the execution of the Judgment until after post-trial issues are resolved would promote judicial economy without any prejudice to Plaintiff.

2.     Similarly, TVT asks that the Court stay Plaintiff's pending motion for attorneys' fees filed on April 2, 2007 until such time as TVT's post-trial motions are decided, as TVT anticipates that such motion will become moot after the Court rules in TVT's favor on its post-trial motions.

3.     Under Rule 62(b), "[i]n its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59, or of a motion for relief from a judgment or order made pursuant to Rule 60, or of a motion for judgment in accordance

with a motion for a directed verdict made pursuant to Rule 50, or of a motion for amendment to the findings or for additional findings made pursuant to Rule 52(b)."  In this District, and unless the Court orders to the contrary, the standard security necessary to stay execution of a Judgment is a supersedeas bond in the amount of 110% of the Judgment amount, which must be filed within thirty (30) days after entry of Judgment.  S.D. Fla. Local R. 62.1.

4.     Therefore, as it stands today TVT must file the appropriate security no later than April 18, 2007.  As a result, TVT in effect requests expedited consideration of its Motion and asks that the Court schedule argument on the Motion on April 10, 2007.

5.     TVT's Motion, however, cited no authorities in support of its position, other than the terms of Rule 62(b) itself that provide the Court with broad discretion in considering such motions.  The Court's review of relevant cases shows, however, that TVT's position appears to run counter to the general view of how Rule 62(b) should be interpreted.  Clearly, the Court has discretion to stay execution of a Judgment under the Rule pending disposition of a party's post-trial motions.  The Court has found, however, very little authority for entering such a stay without some security being posted.  To the contrary, "Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for a new trial." *International Wood Processors v. Power Dry, Inc.,* 102 F.R.D. 212, 214 (D.S.C. 1984) (quoting *Marcelletti & Sons Constr. Co. v. Millcreek Township Sewer Auth.,* 313 F. Supp. 920, 928 (W.D. Pa. 1970)).

6.     "Thus, if an unsecured stay is to be granted, the burden is on the defendants to demonstrate affirmatively that posting a bond or otherwise providing adequate security is impossible or impractical." *International Wood,* 102 F.R.D. at 214

(denying motion to grant unsecured stay citing analogous Rule 62(d) cases). The defendant must especially show that, in the absence of standard security, plaintiff will be properly secured against the risk that the defendant will be less able to satisfy the judgment subsequent to disposition of the post-trial motions. *Id.* at 214-15.

7.      At the very least, a court faced with a motion to stay without any security should consider the reasons for such a request and the defendant's financial situation. *Frankel v. I.C.D. Holdings S.A.,* 168 F.R.D. 19, 22 (S.D.N.Y. 1996) (denying motion to grant unsecured stay). If, for instance, the defendant's financial situation appears precarious, that fact counsels not in favor an unsecured stay but, instead, in favor of a stay only upon the posting of adequate security. That was the conclusion reached by Judge Steele in another case involving a substantial verdict where an emergency motion to stay execution without security was filed. *See Aerospace Marketing, Inc. v. Ballistic Recovery Sys., Inc.,* 2005 WL 2057404 (M.D. Fla. Aug. 23, 2005). As Judge Steele explained, the posting of a bond under Rule 62(b) is intended to preserve the status quo pending disposition of the post-trial motions. *Id.* (citing *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190-91 (5th Cir.1979)). Thus, if a Court finds that the defendant's ability to satisfy its obligations, now or in the future, is uncertain then it is not appropriate to stay execution of a judgment under Rule 62(b). *Id.* (denying emergency motion to stay execution of judgment under Rule 62(b) on $3.3 million judgment without posting of security).

8.      From the face of the Motion, it appears that TVT's financial condition may indeed be in jeopardy and, thus, the Court should not grant a stay without the posting of security. The amount of that security under the circumstances is, of course, something the Court can adjust. *International Wood,* 102 F.R.D. at 215 (proper security

under Rule 62(b) is distinct from security required for appeal under Rule 62(d) as risks involved are different and only reasonable security is required).  But TVT must first make a showing that it is unable to post security and why it is impractical for it do so.  Alternatively, TVT must make a showing as to alternative forms of security that would adequately preserve the status quo short of a 110% supersedeas bond required by Local Rule 62.1.A.  The pending Motion seems to raise more concern, not less, with a stay of execution without some posting of security.

9.     On the other hand, the Court agrees that execution of the present judgment without adequate consideration of the post-trial motions is premature.  Thus, the Court is very inclined to grant a stay, but only after considering TVT's response to its appropriate burden under these cases and Plaintiff's response thereto.  Plaintiff's response should take into account these factors and suggest a form or amount of security, short of the 110% supersedeas bond, that would adequately preserve its rights under the Judgment.  *See International Wood,* 168 F.R.D. at 215 (requiring Plaintiff to reconsider its request for security because "the risk of an adverse change in the status quo is less when comparing adequate security pending post-trial motions with adequate security pending appeal.").

10.     With respect to the request to stay the pending motion for attorneys' fees, the Court is not inclined to grant such an indefinite stay of potentially complex issues that the Court of Appeals may want to consider in conjunction with an appeal of the ultimate judgment rendered in the case.  Therefore, that aspect of the pending Motion will be Denied.  If TVT needs additional time to respond to the motion for fees, that request will be granted.  But an indefinite stay of the motion for fees is not tenable.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

A.      Defendant's Motion to Stay Execution of Judgment and Stay Motion for Attorneys' Fees [D.E. 455] is **GRANTED IN PART AND DENIED IN PART**.  Defendant shall file an amended Motion, in accordance with this Order, by April 16, 2007.  Plaintiff shall file its response to the amended Motion within the normal time provided under S.D. Fla. Local R. 7.1.  The Court shall stay execution of the Judgment entered March 19, 2007, pending further of the Court, pursuant to S.D. Fla. Local R. 62.1.B.  The Motion to stay consideration of Plaintiff's motion for attorneys' fees is Denied.

B.      Defendant's Motion for Hearing [D.E. 456] on Motion to Stay Execution of Judgment is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 8th day of April, 2007.

EDWIN G. TORRES
United States Magistrate Judge