UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-21113-Civ-TORRES

CONSENT CASE

SLIP N' SLIDE RECORDS, INC.,

        Plaintiff,

v.

TEEVEE TOONS, INC., d/b/a TVT RECORDS, LLC,

        Defendant.
_____/

TEEVEE TOONS, INC.,

        Counterclaimant,

v.

SLIP N' SLIDE RECORDS, INC.; RUDE BWOY
ENTERTAINMENT; 305 MUSIC; ALAN
WASERSTEIN; ROBERT HENDERSON; and
THEODORE LUCAS.

        Counterdefendants.
_____/

**ORDER GRANTING IN PART AMENDED MOTION TO
STAY EXECUTION OF JUDGMENT PENDING POST-TRIAL MOTIONS**

This Order follows from the Court's earlier Order entered April 10, 2007 [D.E. 458] that temporarily stayed execution matter in response to Teevee Toons, Inc.'s ("TVT") Motion [D.E. 455] for entry of a stay, under Fed. R. Civ. P. 62, of execution or any collection proceedings to enforce the judgment previously entered in this action. The April 10th Order continued the automatic 10-day stay to allow TVT to supplement the record and respond to the issues raised in the Order, as well as to allow Plaintiff to further respond to those arguments and the authorities cited in the Court's Order. TVT filed under seal its amended motion to stay execution [D.E. 463] that attached

confidential financial documents in support of the motion. Plaintiff filed its response in opposition to the amended motion to stay [D.E. 469] to which TVT replied on April 26, 2007. [D.E. 474]. This matter is thus ripe for disposition.

1.  TVT requests a stay on the execution of the Judgment until the Court rules on the Rule 50 and Rule 59 motions TVT filed on April 2, 2007. TVT argues that it believes it has very strong grounds to vacate or modify the Court's Judgment; that allowing enforcement of the Judgment, when the automatic stay provided in Fed. R. Civ. P. 62 and S.D. Fla. Local R. 62.1 expires, pending disposition of the post-trial motions would result in unnecessary prejudice to TVT based upon its current financial status; and that TVT does not presently believe it can obtain the security required under the Court's Rules. In response to the Court's April 10th Order, TVT has proffered that, in lieu of posting a bond for the total amount required by the Court's Rules, TVT consents to entry of an Order restraining it from entering into any transaction outside of the ordinary course of business, or otherwise disposing of any of its assets. According to TVT, its proffer in lieu of a bond "makes Plaintiff the beneficiary of the security provisions and financial constraints imposed upon TVT in the Loan Agreement." [D.E. 474]. To supplement the record, TVT filed for the Court's in camera review a complete copy of that loan agreement under which TVT currently is operating. TVT thus argues that by agreeing to be bound to those conditions as against Plaintiff in this matter TVT's ability to satisfy the eventual final judgment entered in this case is adequately preserved because TVT has more value as an ongoing concern. TVT questions whether its financial viability could be sustained if it had to satisfy the required bond amount or had to pledge assets to secure a continued stay of execution.

2.  Plaintiff's response continues to oppose any stay of execution without the posting of the full amount of bond required under S.D. Fla. Local R. 62.1, which would

be 110% of the total amount of the judgment. Plaintiff argues that TVT's supplemental proffer is insufficient given that TVT's claimed financial difficulties from the judgment are more reasons, not less, why a full bond should be posted to stay execution. Plaintiff adds that TVT gambled by pursuing this case all the way to verdict, notwithstanding its financial situation, rather than settling the case for much less than what the jury's verdict turned out to be.

      3.    Under Rule 62(b), "[i]n its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59, or of a motion for relief from a judgment or order made pursuant to Rule 60, or of a motion for judgment in accordance with a motion for a directed verdict made pursuant to Rule 50, or of a motion for amendment to the findings or for additional findings made pursuant to Rule 52(b)." In this District, and unless the Court orders to the contrary, the standard security necessary to stay execution of a Judgment is a supersedeas bond in the amount of 110% of the Judgment amount, which must be filed within thirty (30) days after entry of Judgment. S.D. Fla. Local R. 62.1.

      4.    As explained in the earlier Order, the Court clearly has discretion to stay execution of a Judgment under Rule 62 pending disposition of a party's post-trial motions on whatever conditions the Court finds to be just. The Court has found, however, very little authority for entering such a stay without some security being posted. To the contrary, "Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for a new trial." *International Wood Processors v. Power Dry, Inc.,* 102 F.R.D. 212, 214 (D.S.C. 1984) (quoting *Marcelletti & Sons Constr. Co. v. Millcreek Township Sewer Auth.,* 313 F. Supp. 920, 928 (W.D. Pa.

1970)). "Thus, if an unsecured stay is to be granted, the burden is on the defendants to demonstrate affirmatively that posting a bond or otherwise providing adequate security is impossible or impractical." *International Wood,* 102 F.R.D. at 214 (denying motion to grant unsecured stay citing analogous Rule 62(d) cases); *see also Avirgan v. Hull,* 125 F.R.D. 185, 188 (S.D. Fla. 1989).

5.   Consequently, the purpose of the April 10th Order was to allow TVT the opportunity to show that, in the absence of standard security, plaintiff will be properly secured against the risk that the defendant will be less able to satisfy the judgment subsequent to disposition of the post-trial motions. *International Wood,* 102 F.R.D. at 214-15. Certainly, TVT's proffer that it be constrained from dissipating its assets pending resolution of the post-trial motions could be part of an alternative form of security. *See Miami Int'l Realty Co. v. Paynter,* 807 F.2d 871, 873-74 (10th Cir. 1986) (affirming district court's waiver of bond requirement conditioned, in part, on Order prohibiting defendant from transferring, selling or otherwise disposing of his assets pending appeal). As TVT acknowledges, of course, it is already bound by that requirement under the loan agreement that it currently has with its lender. TVT's proffer is thus nothing more than a promise to do that which it is already required to do. The only difference is that, in addition to the loan agreement, that promise could be enforced by Plaintiff here through entry of an Order under Rule 62.

6.   This pledge to do what TVT is already required to do is not, by itself, enough to provide the type of security that Rule 62 contemplates. As the Tenth Circuit case that TVT itself cited, *Miami Int'l,* that pledge not to dissipate assets was accompanied with tangible security, in the form of the posting of a $500,000 insurance policy to secure a $2.1 million debt. *Id.* Here, by contrast, TVT's amended motion does not proffer any form of tangible security in addition to the pledge not to dissipate assets. And, TVT has

pointed to no authority holding such a pledge was enough, by itself, to stay execution of a substantial money judgment such as this one.  To the contrary, the weight of authority clearly requires more than that to secure a judgment, *especially* in cases where a defendant's financial viability or liquidity is in doubt.  *See, e.g., Frankel v. I.C.D. Holdings S.A.,* 168 F.R.D. 19, 22 (S.D.N.Y. 1996) (denying motion to grant unsecured stay); *Aerospace Marketing, Inc. v. Ballistic Recovery Sys., Inc.,* 2005 WL 2057404 (M.D. Fla. Aug. 23, 2005) (denying unsecured stay pending resolution of post-trial motions) (citing *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190-91 (5th Cir.1979) (generally courts should require full security where an unconditional money judgment is stayed)).

7.   As we explained before, however, the amount of that security under the circumstances is something the Court can adjust. *International Wood,* 102 F.R.D. at 215 (proper security under Rule 62(b) is distinct from security required for appeal under Rule 62(d) as risks involved are different and only reasonable security is required).  Plaintiff does not address this issue in any detail in its response, notwithstanding the Court's April 10th Order.  Plaintiff is perhaps being short-sighted in this manner because, taking TVT at its word that it financial cannot secure a complete bond in this case, if no stay is issued in the case and TVT is forced to seek bankruptcy court protection before the post-trial and appellate process is complete Plaintiff's ability to collect on its judgment would be even more jeopardized.  And, Plaintiff forgets, again, that a stay of execution during the post-trial motion phase of a case is different from a stay for plenary appeal.

8.   Therefore, the Court is faced with two untenable positions presented by the parties.  To resolve this problem, therefore, the Court has considered TVT's chances of ultimate success in this matter, Plaintiff's right to adequate security under Rule 62, TVT's likely financial ability to secure tangible security, and the Court's interest in preserving

the status quo pending complete resolution of the post-trial motions in the case. Upon considering these factors, the Court concludes that a 110% bond on the full amount of the judgment is not required, as per *International Wood*. To preserve the status quo in the case, and taking into account TVT's financial condition, the Court will require the pledge not to dissipate assets *in addition* to the posting as security of 100% of the compensatory damage portion of the judgment, $2,279,200. That security can be in the form of a surety bond, the posting of cash in escrow, or a secured pledge of assets that are not already encumbered. The Court recognizes, of course, that under its current loan obligations TVT's ability to satisfy this security requirement will be limited, if at all, to a surety bond. But the other options are available to TVT if its circumstances change.

9. TVT will also be granted additional time to obtain the required security. The Court will thus continue the stay currently in effect through May 30, 2007. If adequate security is not posted by that point, the stay of execution will expire on that date without further Order of the Court.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Amended Motion to Stay Execution of Judgment is **GRANTED IN PART AND DENIED IN PART** in accordance with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 18th day of May, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge