UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-21113-CIV-TORRES

CONSENT CASE

SLIP-N-SLIDE RECORDS, INC.,

    Plaintiff,

vs.

TVT RECORDS, LLC,

    Defendant.
_____/

TEEVEE TOONS, INC.,

    Counterclaimant,

vs.

SLIP-N-SLIDE RECORDS, INC., *et al.*,

    Counter-Defendants.
_____/

## ORDER AMENDING STAY OF EXECUTION OF JUDGMENT

This matter is before the Court *sua sponte*. For the reasons that follow, the Court's Order Granting in Part and Denying in Part Defendant's Motion to Stay Execution of Judgment Pending Post-Trial Motions [D.E. 485] is hereby Vacated and a Stay of Execution of Judgment shall be entered only in accordance with this Order.

    1.    The Court's original Final Judgment [D.E. 435] was entered following jury trial that concluded March 14, 2007, with the entry of a Special Verdict returned by the Jury [D.E. 430].

2.  Defendant then filed Rule 50 and 59 motions challenging the legal sufficiency of the verdict. Pursuant to Rule 62(a), the Court ultimately granted a stay of execution on the original Final Judgment on the condition of a posting of bond, cash, or pledge of assets for the full amount of compensatory damages in the Final Judgment. [D.E. 485]. Defendant filed such condition through a pledge of assets that materially complied with the Court's Order and over which the Court had greater discretion under Rule 62(a). [D.E. 496, 501, 505]. Accordingly, execution on the Final Judgment has been stayed through this date.

3.  Defendant's post-trial motions have now been adjudicated.[1] Pursuant to the Court's Order on Defendant's Rule 59 Motion for New Trial or Remittitur, the Court granted the motion only in so far as it remitted the punitive damage award to $2,300,000. The Court provided Plaintiff with the right to accept the remittitur or otherwise seek a new trial on damages. [D.E. 517]. Plaintiff has now filed its Notice with the Court that accepts the remittitur [D.E. 521].

4.  Accordingly, the Court on this date entered an Amended Final Judgment in Plaintiff's favor for $4,579,200.00 together with post-judgment interest.

5.  The Court's earlier Order granting a stay of execution must now be reexamined in accordance with Fed. R. Civ. P. 62(d) ("When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be."). Upon disposition of post-trial motions, no basis would exist to further stay

---

[1] The Court recognizes that Defendant's Rule 60 Motion remains pending. The Court, however, finds no reason to delay entry of this amended final judgment at this time. An Order on the Rule 60 Motion is forthcoming.

execution on the Amended Final Judgment other than an anticipated appeal and Rule 62(d).

6. Based upon the present record the Court readily concludes that an appeal may be taken from the Amended Final Judgment. Rule 62(d), therefore, requires that the Court provide a party with an opportunity to file a supersedeas bond.

7. Pursuant to the Court's Local Rules, specifically Local Rule 62.1, the Court must set such a bond at 110% of the amount of the judgment. That dictated amount is designed to take into account the amount of the judgment, interest, and costs. Therefore, to secure a further stay of execution of the Court's Amended Final Judgment, Defendant must post with the Clerk of the Court a supersedeas bond in the amount of $5,037,120.00. Alternatively, Defendant may deposit that full amount with the Clerk of the Court as cash security in lieu of a bond, or otherwise escrow the full amount with another acceptable institution subject to the Court's approval.[2]

8. We recognize that there is discretion to authorize a stay of execution without a supersedeas bond. Under Rule 62(d), however, that discretion is limited and is exercised quite rarely in circumstances, unlike this one, where there is a clearly demonstrated ability to satisfy the full amount of the judgment if an appeal is unsuccessful. Based upon the evidence already of record in this case, the Court cannot make such a finding here. Therefore, the Court must comply with Rule 62(d) now that an Amended Final Judgment has been entered.

9. Additionally, we recognize that a motion for attorneys' and costs is also pending that could conceivably require additional security were it to be granted at this

---

[2] As the Court's earlier Order staying execution provided, Defendant was able to post a pledge of assets to secure a continued stay under Rule 62(a). The Court finds, however, that under Rule 62(d) a supersedeas bond or alternative cash deposit is required.

time. Based upon the Court's exercise of discretion, however, the Court will reconsider its earlier decision that denied Defendant's motion to stay resolution of the fees and costs issue. To put it bluntly, if an appeal is filed the appellate court and the parties will have enough to deal with such that the additional resources and time required to review the attorneys' fees issue would be prejudicial and, potentially, a waste of judicial resources. Accordingly, the Court will defer resolution of the fees issue pending disposition of an appeal, if one is ultimately filed.

10. Finally, the Court will continue the present stay of execution for a period of time to allow Defendant a reasonable opportunity to secure a stay through a supersedeas bond. Therefore, the stay of execution shall continue through and including November 9, 2007, at which time the stay shall expire without further Order of the Court absent the posting of the required security with the Clerk.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of November, 2007.

EDWIN G. TORRES
United States Magistrate Judge